IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY WIGINTON, individually and on behalf of all persons similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 02 C 6832 |
| v. ) ) | Judge Andersen |
| CB RICHARD ELLIS, INC., ) ) | Magistrate Judge Ashman |
| Defendant. ) | |

**DOCKETED** NOV 2 1 2002

**FILED** NOV 1 8 2002
NOV 13 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF MOTION

TO: Elizabeth Fegan Hartweg
THE WEXLER FIRM
One North LaSalle Street, Suite 2000
Chicago, Illinois 60602

PLEASE TAKE NOTICE that on Tuesday, November 19, 2002 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Andersen or any judge sitting in his stead, in the courtroom usually occupied by him in the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and then and there present Defendant's Motion to Dismiss Plaintiff's Title VII Class Claim (Count I) and State Law Tort Claims (Counts II-IV), a copy of which is attached hereto and hereby served on you.

Respectfully submitted,

CB RICHARD ELLIS, INC.

By: _____
    One of Its Attorneys

Brenda H. Feis
Sari M. Alamuddin
SEYFARTH SHAW
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000

November 13, 2002

CH1 10448661.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY WIGINTON, individually and on behalf of all persons similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 02 C 6832 |
| v. ) ) | Judge Andersen |
| CB RICHARD ELLIS, INC.,[1] ) ) | Magistrate Judge Ashman |
| Defendant. ) | |

**DOCKETED** NOV 2 1 2002

**FILED** NOV 1 8 2002 / NOV 13 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TITLE VII CLASS CLAIM (COUNT I) AND STATE LAW TORT CLAIMS (COUNTS II-IV)

Defendant, CB RICHARD ELLIS, INC. ("CBRE"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss all of Counts II, III and IV of Plaintiff's Complaint, as well as the Title VII class claims contained in Count I, for failure to state a claim upon which relief can be granted. In support of its motion, CBRE states as follows:

1. On September 25, 2002, Plaintiff filed a four-count complaint on behalf of herself and "all similarly situated employees of CB Richard Ellis." In Count I, Plaintiff alleges a pattern and practice sexual harassment class claim, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). In Counts II, III and IV, Plaintiff alleges class-wide tort claims under Illinois law for intentional infliction of emotional distress, negligent supervision, and negligent retention, respectively.

---

[1] Plaintiff's Complaint erroneously identifies her former employer as "CB Richard Ellis." This is incorrect; Plaintiff was actually employed by "CB Richard Ellis, Inc." All references to Defendant herein are to CB Richard Ellis, Inc.

CH1 10448661.1

2. Plaintiff's Title VII class claim fails to state a claim upon which relief can be granted because it is well beyond the scope of the underlying *individual* charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC").

3. Further, all three tort claims are preempted by the Illinois Human Rights Act and the Illinois Worker's Compensation Act. Additionally, Plaintiff has failed to plead allegations sufficiently severe and outrageous to state a claim for intentional infliction of emotional distress under Illinois law.

WHEREFORE, for the foregoing reasons and those set forth in its supporting memorandum of law, CBRE respectfully requests that Plaintiff's Title VII class claims and state law tort claims be dismissed with prejudice.

Respectfully submitted,

CB RICHARD ELLIS, INC.

By: _____
One of Its Attorneys

Brenda H. Feis
Sari M. Alamuddin
SEYFARTH SHAW
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000

November 13, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY WIGINTON, individually and on behalf of all persons similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 02 C 6832 |
| v. ) ) | Judge Andersen |
| CB RICHARD ELLIS, INC., ) ) | Magistrate Judge Ashman |
| Defendant. ) | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S TITLE VII CLASS CLAIM (COUNT I)
AND STATE LAW TORT CLAIMS (COUNTS II-IV)

Defendant, CB RICHARD ELLIS, INC. ("CBRE"), respectfully submits its Memorandum of Law in support of its Motion to Dismiss Plaintiff's Title VII Class Claim (Count I) and State Law Tort Claims (Counts II-IV).[1]

## INTRODUCTION

On September 25, 2002, Plaintiff filed a four-count class action complaint on behalf of herself and "all similarly situated employees of CB Richard Ellis," In Count I, Plaintiff alleges a pattern and practice sexual harassment class claim, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). In Counts II, III and IV, Plaintiff alleges class-wide tort claims under Illinois law for intentional infliction of emotional distress ("IIED"), negligent supervision, and negligent retention, respectively.

Plaintiff's class claims fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff's Title VII class claim is well beyond the scope of the underlying

---

[1] CBRE has filed herewith an Answer to Plaintiff's individual Title VII claim alleged in Count I..

CH1 10448661.1

*individual* charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC"). Further, all three tort claims are preempted by the Illinois Human Rights Act and by the Illinois Worker's Compensation Act. And, in any event, Plaintiff has failed to plead allegations sufficiently severe and outrageous to state a claim for intentional infliction of emotional distress under Illinois law. Thus, the Court should grant CBRE's motion and dismiss Counts II-IV, and all of Plaintiffs class claims.

## ARGUMENT

I. **Plaintiff's Title VII Class Claim Should Be Dismissed Because It Is Beyond The Scope Of Her Underlying EEOC Charge.**

It is well established that any claim a Title VII plaintiff wishes to pursue in federal court must first be presented to the EEOC. *See, e.g., Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974); *Sauzek v. Exxon Coal (ISA, Inc.,* 202 F.3d 931, 920 (7th Cir. 2000); *EEOC v. Harvey L. Warner &. Assocs.,* 91 F.3d 963, 969 (7th Cir. 1996); *Cheek v. Western & Southern Life Ins.* Co., 31 F.3d 497, 501 (7th Cir. 1994) ("the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals"). As the Seventh Circuit stated in *Cheek:* "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." 31 F.3d at 500; *see also Noreuil v. Peabody Coal Co.,* 96 F.3d 254, 258 (7th Cir. 1996) ("a primary purpose of the scope-of-the-charge doctrine is to prevent 'circumvent[ion of] the EEOC's investigatory and conciliatory role'"). Thus, the scope of the charge rule ensures that an employer knows the scope of EEOC's investigation and has sufficient knowledge of the allegations to promote conciliation. Title VII claims which are not sufficiently addressed in the underlying EEOC charge are subject to dismissal. *See, e.g., Gawley v. Indiana University,* 276 F.3d 301, 313 (7th Cir. 2001), *Sauzek,*

2

202 F.3d at 921; *Cheek*, 31 F.3d at *500, 506; Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989); *Suarez v. Treater*, 2002 U.S. Dist. LEXIS 15165, *6 (N.D. Ill. 2002); *Feldman v. AMR Corp.*, 1997 U. S. Dist. LEXIS 632, * 17 (N. D. Ill. Jan. 17, 1997) (Andersen, J.).

In this case, Plaintiff's Title VII class-claim (Count I) is well beyond the scope of her individualized charge of discrimination (attached as Exhibit A).[2] In support of her class claim, Plaintiff alleges widespread sexual harassment since January 1, 1997 at "various" offices of CB RE (including those at which she never worked) (Compl. ¶¶ 2, 10, 25). She contends that "plaintiff and similarly situated women have been subjected to a daily barrage of lewd remarks, propositions, and sexist insults, as well as leering glances and 'elevator eyes.'" (Compl. ¶ 19). She further alleges that she and "members of the Class" have been "subject to unwanted touching, kissing, groping, staring and other forms of harassing attention ..." (Compl. ¶ 20).

In stark contrast to her class claim, Plaintiffs EEOC charge is highly individualized.[3] It focuses solely on herself, experiences allegedly endured by her, and the effects those experiences allegedly had on her. For example, the charge opens with Plaintiff's allegation that "*I* have been subjected to sexual harassment" and is riddled with the pronouns "I" and "me." The specific allegations of harassment include: comments on "*my* body parts and clothing," "proposals to *me*," "given *me* a sexual ... nickname," and "asked *me* intrusive and violative questions" regarding "*my*" sexual relationships and the size of "*my* breasts." (Emphasis added). The charge

---

[2] Although Plaintiff did not attach her EEOC charge to her complaint, it is referenced in her complaint (Compl. 1i 9). This, the Court may properly consider Plaintiff's charge at the dismissal stage. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

[3] Plaintiff's complaint makes references to "charges" of discrimination she filed with the EEOC. CBRE, however, only received a copy of the one charge attached hereto as Exhibit A, and is not aware of any other charge filed by Plaintiff with the EEOC.

CH1 10448661.1

concludes that the alleged sexual harassment made working conditions so intolerable that it forced "*my* voluntary termination." (Emphasis added).

Although Plaintiff's charge does refer in passing to the alleged harassment of other female employees (Charge ¶ 3), nowhere in her charge does she assert that she is bringing a claim on behalf of those other employees. Indeed, Plaintiff's "Notice of Charge of Discrimination" explicitly notes that her charge is filed only on behalf of herself and *not* "on behalf of another." (Exhibit A). And it is clear from a full reading of her charge that the alleged harassment of others was meant only to buttress her individual claim of harassment. For example, immediately after describing the alleged harassment of other females, Plaintiff alleges: "*I* am and have been offended, embarrassed, upset and distressed by this intolerable sexual harassment." (Emphasis added). Furthermore, while the complaint alleges a claim on behalf of all women employed at CBRE since January 1, 1997 (Compl. ¶ 25), Plaintiff's charge claims that the alleged harassment did not begin until two years later -- on January 1, 1999 (Exhibit A). Simply put, there is no "reasonable relationship" between the individual allegations in Plaintiffs charge and the class claims now alleged in Plaintiff's complaint sufficient to have put CBRE on notice of the class claims. *Cheek*, 31 F.3d at 500.

Courts have routinely dismissed class claims where, as here, the underlying individual charge failed to encompass such class claims. *See, e.g., Schnellbaecher*, 887 F.2d at 127-128 (dismissing class-based sex discrimination claims because "the allegations in the EEOC charge [did] not indicate class-wide discrimination"); *Morris v. Albertson, Inc.*, 2001 U.S. Dist. LEXIS 12406, *1, fn. 1 (N.D. Ill. Aug. 16, 2001) (dismissing class-based race discrimination claims because EEOC charge contained no class-wide allegations); *Maclin v. Northern, Telecom, Inc.*, 1996 U.S. Dist. LEXIS 12565, *8 (N.D. Ill. Aug. 22, 1996) (dismissing class-based race

4

discrimination claims because underlying EEOC charge provided no notice of such to employer).

As the Eight Circuit has explained:

> Allowing class actions without administrative charges that fairly anticipate class claims would undermine the notice and conciliation purposes of the filing requirement. An allegation of class-wide discrimination or claim of class representation is necessary to inform and give notice to the employer that the consequences of an individual plaintiff's charge may transcend an isolated individual claim.

*Kloos v. Carter-Day Co.,* 799 F.2d 397, 400 (8th Cir. 1986).

Plaintiff's charge provided CBRE with absolutely no notice that Plaintiff intended to bring a nationwide sexual harassment claim on behalf of "over 1,000" former and current employees (Compl. ¶ 26). Nor did the charge put CBRE on notice that Plaintiff intended to pursue claims dating back to January 1, 1997.[4] Accordingly, it denied CBRE and the EEOC a meaningful opportunity to conciliate the class claims. "Employers might be expected to be more willing to participate in the conciliation process if they are aware of a potential class action." *Kloos*, 799 F.2d at 401. For these reasons, Plaintiff's Title VII class claim should be dismissed as beyond the scope of her EEOC charge.[5]

## II. Plaintiff's Tort Claims Fail To State A Claim Because They Are Preempted By The Illinois Human Rights Act.

The Illinois Human Rights Act ("IHRA") makes it a "civil rights violation" to engage in sexual harassment. Sexual harassment is defined by the Act as:

---

[4] Indeed, if Plaintiffs charge had attempted to allege claims dotting back to January 1, 1997, those claims would have been untimely because they would fall well outside the 300-day statute of limitations for filing an EEOC charge. 42 U.S.C. y 2000c - 5(c)(1).

[5] It is unclear from Count I whether Plaintiff is alleging a claim for sex discrimination, in addition to one for sexual harassment. Plaintiffs EEOC charge, however, is specifically limited to allegations of harassment. Thus, any claim for sexual discrimination is also beyond the scope of her EEOC charge. See Cheek, 31 F.3d at 501, 503 (dismissing plaintiff's sexual harassment claim as beyond the scope of her underlying charge of sex discrimination, explaining that sex discrimination and sexual harassment are two different things, and one does not necessarily beget the other).

> [A]ny unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when ... such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

775 ILCS 5/2-101(E). The IHRA further states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-11 l (C). Accordingly, in Illinois, the IHRA preempts common law tort claims whose allegations are inextricably linked to sexual harassment claims, such that there is no independent basis for the tort claims apart from the legal duties created by the IHRA. *See Maksimovic v. Tsogalis*, 687 N.E.2d 21, 24 (Ill. 1997); *Krocka v. City of Chicago*, 203 F.3d 507, 516-17 (7th Cir. 2000).

In this case, Counts II, III and IV are based on the same allegations that give rise to Plaintiff's Title VII claims. Indeed, Plaintiff explicitly realleges each of her sexual harassment allegations to support her tort claims (Compl. ¶¶ 38, 43, 47). She provides no other supporting factual allegations. Thus, Plaintiff's tort claims are inextricably intertwined with Plaintiff's sexual harassment claims. As this Court has held:

> [W]hen state common law tort claims are inextricably linked to allegations of discrimination, the claims will be construed as charging a civil rights violation under the Illinois Human. Rights Act. Accordingly, courts in this district have routinely dismissed intentional infliction of emotional distress claims for lack of jurisdiction when brought in conjunction with allegations of a civil rights violation.

*Kluza v. Dominick's Finer Foods, Inc.*, 1997 U.S. Dist. LEXIS 14848, *14 (N.D. Ill. Sept. 23, 1997) (Andersen, J.) (holding that there was no independent basis for IIED claim which specifically incorporated the factual allegations from disability discrimination and retaliation claims). *See also Luttrell v. O'Connor Chevrolet, Inc.*, 2001 U.S. Dist. LEXIS 14651, * 13-14 (N.D. Ill. Sept. 18, 2001) (dismissing negligent supervision and negligent retention claims where they referenced only sexual harassment allegations). Since Plaintiff's tort claims are

predicated directly upon her sexual harassment claims, do not implicate any duties of CBRE's beyond protecting employees from sexual harassment, and could not survive without the alleged acts of harassment, those tort claims are therefore inextricably intertwined with the sexual harassment claims and must be dismissed.

### III. Plaintiff's Tort Claims Are Also Preempted By The Illinois Worker's Compensation Act.

In addition to being preempted by the IHRA, Plaintiff's tort claims are barred by the Illinois Worker's Compensation Act ("IWCA"). 820 ILCS 305/1, et seq. The IWCA provides an employee's exclusive remedy for accidental workplace injuries and stands as an absolute bar to any common law action by an employee against her employer arising out of, and occurring in the course of, employment. *Treiber v. Rompala,* 2002 U.S. Dist. LEXIS (N.D. Ill. July 9, 2002).

It is well settled that Plaintiff's tort claims fall within the IWCA's exclusivity bar. *See, e.g., Juarez v. Ameritech Mobile Communications, Inc.,* 957 F.2d 317, 323-24 (7th Cir. 1992). Recognizing that the plaintiff's "subordinate status made her vulnerable to suffering emotional distress from the unwanted advances of a management-level employee," the court in *Juarez,* a sexual harassment case, found that her "injuries arose from her employment, and her claim for intentional infliction of emotional distress is barred by the Illinois Workers Compensation Act." *Id.* at 324. *See also Gould v. Bennett,* U. S. Dist. LEXIS 5454, *15-16 (N.D. Ill. Mar. 29, 2002) (exclusivity applies to negligent and intentional torts; summary judgment granted on negligent supervision and IIED claims, based on gender discrimination and harassment); *Finnane v. Pentel of America, Ltd.,* 2000 U.S. Dist. LEXIS 22172, *37-40 (N.D.Ill. Mar. 14, 2000) (dismissing negligent supervision and retention claims founded on sexual harassment because IWCA is exclusive remedy for common law claims against employers); *Rushing v. United Airlines,* 919 F.

7

CH1 10448661.1

Supp. 1101, 1113 (N.D. Ill. 1995) (dismissing negligent supervision and IIED claims predicated on sexual harassment); *Small v. Chicago Health Clubs,* 843 F. Supp. 398, 403-04 (N.D. Ill. 1994) (granting employer's motion to dismiss where plaintiff alleged that sexual harassment by her supervisor constituted intentional infliction of emotional distress); *Dirkesen v. City of Springfield,* 842 F. Supp. 1117, 1126-1127 (C.D. Ill. 1994) (same).

To defeat the preemptive force of the IWCA, Plaintiff must that show that the injury "(1) was not accidental; (2) did not arise from [her or the class's] employment; (3) did not occur during the course of employment; or (4) is not compensable under the IWCA." *Finnane,* 2000 U.S. Dist. LEXIS 22172, at *37. The allegations contained in Counts II through IV do not satisfy any of these exceptions. To the contrary, Counts II through IV allege injuries that explicitly relate to conduct arising out of Plaintiff's and the class's employment with CBRE (Compl. ¶¶ 38-50). Indeed, these three Counts are explicitly premised upon Plaintiff's sexual harassment allegations (Compl. ¶¶ 38, 43, 45, 47). Further, the injury of emotional distress, even intentionally inflicted, is considered a compensable injury within the exclusive coverage of the IWCA. *See Meerbrey v. Marshall Field & Co., Inc.,* 139 Ill. 2d 455, 464, 564 N.E.2d 1222, 1228 (Ill. 1990). Plaintiff can only escape IWCA preemption, therefore, if the alleged injuries to her and the class were not "accidental."

Whether the injuries were accidental must be analyzed from the point of view of the employer, and not from the perspective of the actors allegedly responsible for the alleged conduct. *Id.* at 463, 564 N.E.2d at 1226. As the Illinois Supreme Court stated in *Meerbrey:*

> Injuries inflicted intentionally upon an employee by a co-employee are 'accidental' within the meaning of the [IWCA], since such injuries are unexpected and unforeseeable from the injured employee's point of view. Such injuries are also accidental from the employer's point of view, at least where the employer did not directly or expressly authorize the co-employee to commit the assault.

*Id.* *See also Treiber v. Rompala*, 2002 U.S. Dist. LEXIS 12650, *18 (N.D. Ill. July 9, 2002) (intentional torts committed by other employees are considered "accidental" when applied to an employer's liability); *Small*, 843 F. Supp. at 403 (dismissing the plaintiff's intentional infliction of emotional distress claim where the plaintiff alleged the defendant "failed to take appropriate steps to prevent the continued harassment of its employees"); *Jaskowski*, 813 F. Supp. at 1362 (no cause of action based on theory that defendants acquiesced or implicitly approved of sexual harassment); *Bailey*, 700 F. Supp. at 400 (same); *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 408 N.E.2d 198 (1980) (same); *Pelech v. Klaff-Joss, LP.*, 828 F. Supp. 525 (N.D. Ill. 1993) (plaintiff failed to identify any action taken by the company suggesting that it encouraged, directed or authorized sex discrimination and retaliation); *Augustin v. Mason*, No. 92 C 1992, 1992 WL 245627 (N.D.Ill. Sept. 23, 1992) (IWCA bars intentional infliction of emotional distress claim against company based on conduct of company president).

Plaintiff conclusorily asserts in Count II that "Defendant, through its managers and employees, acted with the intent to inflict severe emotional distress on plaintiff and the Class." (Compl. ¶ 40). Beyond that bare assertion, however, her Complaint contains absolutely no allegations that could possibly support an inference that CBRE acted with the specific intent to injure her or the class, as required by Illinois law. *See Finnane v. Pentel America, Ltd.*, 2000 U.S. Dist. LEXIS 22712, at *39 (dismissing negligent supervision and retention claims pursuant to FRCP 12(b)(1) because employer did not explicitly authorize or direct other employees' sexual harassment); *see also Al-Dabbagh*, No. 94 C 4941, 1995 WL 9246, at *5-6; *Bercaw v. Domino's Pizza, Inc.*, 258 Ill. App. 3d 211, 630 N.E.2d 166, 168-170 (2d Dist. 1994) (rejecting the "substantial certainty" test set forth in the Restatement (Second) of Torts for defining intentional conduct because the use of such a standard is too burdensome in

distinguishing between accidental and nonaccidental injuries and would upset the IWCA's delicate balance of interests); *Copass v. Illinois Power Co.*, 211 Ill. App. 3d 205, 569 N.E.2d 1211 (4th Dist. 1991) (same). Due to Plaintiff's failure to plead sufficient facts to show her injury was not accidental under the IWCA, her emotional distress, negligent supervision and negligent retention claims are barred by the IWCA, and must, therefore be dismissed.

### IV. Plaintiff's IIED Claim Fails To State A Claim Upon Which Relief Can Be Granted.

Count II must also be dismissed because it fails to allege conduct sufficient to state a claim for intentional infliction of emotional distress under Illinois law. To state a claim for IIED, Plaintiff must demonstrate that: (1) the alleged conduct was extreme and outrageous; (2) the actor must have intended or known that the conduct would inflict severe emotional distress; and (3) the conduct must, in fact, have caused severe emotional distress. *See McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988); *Public Finance Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976); *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 702 (7th Cir. 1993). The alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Public Fin. Corp.*, 360 N.E.2d at 767. Even the fact that a defendant "has acted with tortious or even criminal intent, or that his conduct would support an award of punitive damages in connection with another tort, does not necessarily establish liability for the tort of intentional infliction of emotional distress." *Id.* (quoting Restatement (Second) of Torts § 46, comment d (1965)); *accord Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997). Rather, the alleged conduct must be so severe that it "exceeds all bounds of human decency ... to the extent that no reasonable person could be expected to endure." *Schumacker*, 1999 U.S. Dist. LEXIS 1128, at *13; *see also Harriston*, 992 F.2d at 702-03.

In the employment setting, Illinois law requires a heightened showing of extreme and outrageous behavior because, courts reason, if the stressful personality conflicts inherent in business relationships formed the basis for the tort of IIED, "virtually every employee would have a cause of action." *Hamros v. Bethany Homes and Methodist Hosp. of Chicago*, 894 F. Supp. 1176, 1180 (N.D. Ill. 1995) (quoting *Miller v. Equitable Life Assurance Soc'y*, 537 N.E.2d 887, 889 (Ill. App. Ct. 1989)); *see also Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567-68 (7th Cir. 1997); *Fitzgerald v. Fraites*, 1996 U. S. Dist. LEXIS 122208 *17-19 (N.D. Ill. Aug. 21, 1996) (Andersen, J.). Applying Illinois' high standard, courts in this district have consistently dismissed IIED claims premised on underlying allegations of harassment and discrimination for failure to allege or establish the requisite extreme and outrageous conduct. *See, e.g., Van Stan*, 125 F.3d at 570; *Harriston*, 992 F.2d at 703; *Croft v. InLight Risk Management*, 2002 U.S. Dist. LEXIS 2344, *15-16 (N.D. Ill. Feb. 11, 2002); *Fernando v. Rush-Presbyterian-St. Luke's Med Ctr.*, 882 F. Supp. 119, 123-24 (N.D. Ill. 1995); *Piech v. Arthur Andersen & Co.*, 841 F. Supp. 825, 831 (N.D. Ill. 1994).

In this case, Plaintiff alleges that she and/or other women were subjected to harassing conduct generally consisting of "lewd remarks," "leering glances," "offensive comments," and "unwanted touching," and "flashing." (Compl. ¶¶ 18, 19, 20, 20(a) and (b)). Notably, Plaintiff does not allege that many of the alleged behaviors happened to *her (See, e.g., id.)*. Even if true, Plaintiff's allegations do not go "beyond all possible grounds of decency," as required under Illinois law. *Harper v. Mega*, 1998 U.S. Dist. LEXIS 12535, at *20-*22 (N.D. Ill. 1998) (emphasis added) (citing *Oates v. Discovery Zone*, 116 F.3d 1161, 1174-75 (7th Cir. 1997), *see also Harriston*, 992 F.2d at 703. Indeed, in *Miller*, 537 N.E.2d 887, the court expressly rejected an IIED claim based on conduct that was arguably more extreme than that alleged in this case.

11

There, the plaintiff claimed that for approximately three and a-half years she was surrounded by vulgar and uncooperative supervisors and co-workers who rejected her requests for training, made disparaging and insulting comments, yelled and slammed doors at her, hit and threw coffee at her and otherwise threatened her with physical harm. *See id.*, at 888-89. In support of her sexual harassment claim, the plaintiff also alleged that an insurance agent touched her breast, shoulders and head, and that another agent stated that he "wanted" her. *Id.* at 888. This behavior allegedly continued at the encouragement of a district manager who also frequently stated that the plaintiff should use sex to make insurance sales. *Id.*

While not condoning the alleged behavior, the court dismissed plaintiff's IIED claim because the conduct alleged was not "so outrageous in character and so extreme in degree as to go beyond all bounds of human decency. Nor [did the court] believe that the distress [was] so severe that no reasonable person could be expected to endure it." *Id.* at 889. The court specifically held that, merely because a plaintiff alleges that she was a "victim of sexual harassment, battery, and retaliatory discharge does not necessarily mean that she has a cause of action for [IIED]." *Id. See also Bruce v. S. Stickney Sanitary Dist.*, 2001 U.S. Dist. LEXIS 13019, *6-11 (N.D. Ill. Aug. 23, 2001) (dismissing IIED claim where supervisor made sexual comments, pressured plaintiff to kiss him, and solicited sexual favors); *Poulos v. Village of Lindenhurst*, 2002 U.S. Dist. LEXIS 16596, *52 (N.D. Ill. Aug. 30, 1996) (IIED claim was time-barred, but regardless, throwing firecrackers at female employee was not extreme and outrageous enough to support claim); *Piech*, 841 F. Supp. at 833 (dismissing IIED claim where alleged sexual harassment included propositioning, tasteless humor, references to female anatomy, and general discriminatory conduct); *Finley v. Rodman & Renshaw, Inc.*, 63 Fair Empl. Prac. Cas. (BNA) 916, 919 (N.D. Ill. 1993) (dismissing IIED claim where an executive

vice president "made inappropriate sexual remarks [to the plaintiff], ran his finger down her chest on several occasions, asked her out to dinner and drinks, questioned her about her personal life, and retaliated against her, resulting in plaintiffs constructive discharge").

*Miller* and its progeny are dispositive here. Indeed, the allegations held insufficient to state a claim in *Miller* not only encompassed much of the allegations of harassment made by Plaintiff in this case, but also involved other conduct, including threats of physical harm, not present in this case. Thus, Plaintiff's IIED claim fails to state a claim upon which relief can be granted and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Title VII class claim (Count I) and state law tort claims (Counts II through IV) be dismissed in their entirety with prejudice, and that the Court grant such other relief as it deems just and equitable.

Respectfully submitted,

CB RICHARD ELLIS, INC.

By: _____
      One of Its Attorneys

Brenda H. Feis
Sari M. Alamuddin
SEYFARTH SHAW
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000

November 13, 2002

CH1 10448661.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Defendant's Motion to Dismiss Plaintiff's Title VII Class Claim (Count I) and State Law Tort Claims (Counts II-IV) and Supporting Memorandum Of Law was served upon the following counsel of record via U.S. Mail, located at 55 East Monroe Street, Chicago, Illinois 60603 on this 13th day of November, 2002:

>Elizabeth Fegan Hartweg
>THE WEXLER FIRM
>One North LaSalle Street
>Suite 2000
>Chicago, Illinois 60602

_____
Brenda H. Feis

CH1 10448661.1