# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY WIGINTON, KRISTINE MORAN, NORMA PLANK FETHLER, as Successor in Interest to Dondi Plank, ANDREA COREY and OLIVIA KNAPP, individually and on behalf of all persons similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>CB RICHARD ELLIS, INC., <br><br>Defendant. | Case No. 02 CV 6832 <br><br>Judge Wayne R. Andersen <br><br>Magistrate Judge Martin C. Ashman |

## CORRECTED PRELIMINARY APPROVAL ORDER

WHEREAS, this Court granted Preliminary Approval to the Parties' Settlement Agreement on October 4, 2007, and the Parties subsequently filed a Motion for Entry of a Corrected Preliminary Approval Order on October 24, 2007, this Order grants the corrections below *nunc pro tunc* and they shall deemed effective as of October 4, 2007;

WHEREAS, this matter has come before the Court pursuant to the Parties' Joint Motion for Certification of a Settlement Class Preliminary Approval of the Settlement Agreement, and Approval of Notice Plan (the "Motion");

WHEREAS, the parties to the above-captioned action have jointly moved the Court for certification of a settlement class pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure;

WHEREAS, the parties to the above-captioned action have jointly moved for preliminary approval of a Consent Decree pursuant to Rule 23(e) of the Federal Rules of Civil Procedure,

**EXHIBIT A**

and for permission to disseminate Preliminary Notice to absent Class Members of the Consent Decree, and good cause having been shown,

WHEREAS, this Court finds that it has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including all Settlement Class Members for purposes of settlement, and that venue is proper in this district; and

WHEREAS, this Court has conducted a preliminary approval hearing on October 4, 2007 and is otherwise fully advised in the premises;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**A.** **Certification of Settlement Class, and Appointment of Class Representatives, Class Counsel, Lead Class Counsel, and Settlement Administrator**

1. The Court preliminarily finds that the proposed nationwide Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b).

    a. *Numerosity*: The Settlement Class is sufficiently numerous that joinder of all Class Members into one suit would be impracticable;

    b. *Commonality*: Common questions of law and fact with regard to alleged sexual harassment in violation of Title VII exist for the Settlement Class. These issues are central to this case and are sufficient to establish commonality.

    c. *Typicality*: Plaintiffs' claims are typical of those of the Settlement Class.

    d. *Adequate Representation*: Plaintiffs' interests vis-à-vis the settlement of The Litigation do not conflict with absent members of the Settlement Class and are co-extensive with them. Additionally, the Court recognizes the experience of Class Counsel and finds that the requirement of adequate representation of the Settlement Class has been fully met.

  e. *Rule 23(b)(2)*: Plaintiffs allege that CBRE acted in a manner that is applicable to the Class, making the equitable relief afforded by the Settlement Agreement appropriate for certification under Rule 23(b)(2).

  f. *Rule 23(b)(3)*:

    i. *Predominance of Common Issues*: The issues raised by Plaintiffs' common allegations predominate over any individual questions in the context of the settlement of The Litigation favoring class treatment at this juncture.

    ii. *Superiority of the Class Action Mechanism*: the class action mechanism is ideally suited for treatment of the settlement of this matter, as it promotes efficiency and uniformity of judgment.

 2. Accordingly, pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) and (c), this Court hereby certifies the following Settlement Class:

> All female employees who were or have been employed by CBRE at any time during the period from January 1, 1999 to October 4, 2007.

 3. The Court preliminarily appoints the following individuals as class representatives for purposes of the certification of the Settlement Class: Amy Wiginton, Kristine Moran, Norma Plank Fethler, as Successor in Interest to Dondi Plank, Andrea Scott f/k/a/ Andrea Corey, and Olivia Knapp.

 4. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the putative Class and hereby appoints the following law firms as Class Counsel pursuant to Rule 23(g): Wexler Toriseva Wallace LLP; Hagens Berman Sobol Shapiro LLP; Gustafson Gluek PLLC; and Favre Law Offices LLC. Wexler Toriseva Wallace LLP and Hagens Berman Sobol Shapiro LLP are hereby designated as Lead Class Counsel. The Court

further confirms the appointment of Rust Consulting to act as the Settlement Administrator, whose tasks including implementing and carrying out the Notice Plan.

**B.** **Preliminary Approval of the Settlement Agreement**

5. Pursuant to Fed. R. Civ. P. 23(e), the terms of the Consent Decree dated October 4, 2007, including all Exhibits thereto, attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. All terms used herein shall have the same meaning as defined in the Consent Decree, and all exhibits referenced herein have been attached to the Consent Decree.

6. The Court finds that the Consent Decree has been reached as a result of intensive, serious, and non-collusive arms-length negotiations. The Court finds that counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as the uncertainty and risks that would be presented to the parties by the further litigation of the claims covered by the Consent Decree. The Court has reviewed the relief granted as part of the Consent Decree and recognizes the significant value to the Settlement Class of both the equitable and the monetary relief.

**C.** **Approval of Notice**

7. The Court finds that direct notice to Class members is feasible through mailings to their last known addresses as maintained by CB Richard Ellis, Inc. as of the date of this Order. The Court further finds that the Notice Plan set forth in the Consent Decree (Section XVI), which includes mailed notice and a requirement that the Claims Administrator trace the addresses of any Class Members whose Notices are returned as undeliverable at their last-known address, meets the requirements of due process and Fed. R. Civ. P. 23 (c) and (e), is the best notice practicable under the circumstances, and constitutes sufficient notice to all persons entitled to notice.

8. The Court further finds that the Notice itself is appropriate, and complies with Rules 23(b)(2), 23(c)(2)(B), and 23(e) because it describes in plain language the nature of the action, the definition of the class certified, the class claims/issues/defenses, that a class member may enter an appearance through counsel if the member desires, that the Court will exclude from the class any member requesting exclusion, and the binding effect of a class judgment on Settlement Class Members.

9. Accordingly, the Court approves the Notice Plan in all respects, and the Parties are directed immediately to disseminate Notice in substantial conformity with the form of Notice annexed thereto as Exhibit B.

**D.** **Fairness Hearing**

10. The Court directs that a hearing be scheduled for January 9, 2008 at 9:30 a.m., on final settlement approval (the "Fairness Hearing") before this Court, at the United States District Court for the Northern District of Illinois, 219 South Dearborn, Chicago, Illinois, to consider, *inter alia*, the following (a) whether the Class should be certified, for settlement purposes only; and (b) the fairness, reasonableness and adequacy of the Settlement.

11. Objectors to the Proposed Settlement shall attend and be heard at the Fairness Hearing, however, no objector shall be heard and no papers or briefs submitted will be accepted or considered by the Court unless on or before January 2, 2008, any such objector (1) has filed, and the Clerk of the Court has received, in writing a notice of any such objector's intention to appear personally, or, if such objector intends to appear by counsel, such counsel files a notice of appearance, (2) has submitted a written statement providing her name, address and telephone number; noting the approximate dates and location of employment with CBRE; and describing in full the basis for such objector's opposition, and attaches any supporting documentation and a list of any and all witnesses or experts whom such objector shall present to the Court, and (3) has

served, on or before January 2, 2008, copies of such notice(s), statement(s), documentation, and list(s) together with copies of any other papers or brief(s) that objector files with the Court or wishes the Court to consider at the Fairness Hearing, upon: (i) Elizabeth A. Fegan, Hagens Berman Sobol Shapiro LLP, 820 North Blvd., Suite B, Oak Park, Illinois 60301, Class Counsel, (ii) Kenneth A. Wexler, Wexler Toriseva Wallace LLP, 55 W. Monroe St., Suite 3300, Chicago, Illinois 60603, Class Counsel, and (iii) Brenda H. Feis, Seyfarth Shaw LLP, 131 South Dearborn St., Suite 2400, Chicago, IL 60603-5577, Counsel for CB Richard Ellis, Inc.

E. **Request For Exclusion From the Class**

12. The Court further directs that any putative Class member wishing to exclude herself from the proposed Class for purposes of recovering individual monetary relief must complete and submit a Request for Exclusion form, a copy of which is attached to the Consent Decree as Exhibit C, to the Claims Administrator, Rust Consulting, Inc., addressed to: Wiginton, et al. v. CB Richard Ellis, Inc., Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 9388, Minneapolis, MN 55440-9388, with a postmark (no metered postmarks) on or before January 2, 2008. Request for Exclusion forms are available upon request from Rust Consulting at the above address or at (888) 764-8860.

13. Valid class opt-outs shall not be bound by this Consent Decree or the Final Order and Judgment, except as to the equitable relief provisions of the Consent Decree.

SO ORDERED:

Dated: October __, 2007

_____
Wayne R. Andersen
United States District Judge

**EXHIBIT A** 7