# EXHIBIT B

**UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF ILLINOIS**

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING**

> **If you are a *female* who:**
> ☐ Worked at *any CB Richard Ellis, Inc.* office in the United States;
> ☐ From *January 1, 1999 to October 4, 2007*; and
> ☐ Experienced *sexual harassment*
> ☐ **You may be eligible to receive up to $150,000 through a Proposed Class Action Settlement**

**You must complete and return one of the attached Tier 1 or Tier 2/3 Claim Forms by *March 17, 2008* in order to be eligible to receive money.**

Judge Wayne Andersen of The United Stated District Court for the Northern District of Illinois ("the Court") has authorized this Notice. It is not a solicitation from a lawyer.
*You are not being sued.*

→ There is a Proposed Settlement with CB Richard Ellis, Inc. ("CBRE") resulting from a class action lawsuit pending in federal court in Chicago. The name of the lawsuit is *Wiginton, et al. v. CB Richard Ellis, Inc.*, 02 CV 6832 ("The Lawsuit").

→ The lawsuit claims that female employees at CBRE were subjected to sexual harassment in violation of Title VII. CBRE has always denied, and continues to deny, all allegations of wrongdoing and liability in The Lawsuit.

→ The Proposed Settlement allows eligible female employees to submit a claim in one of three different Tiers, which are described in detail on the following pages. The Parties have agreed to appoint a Special Master, which is an independent third party who is affiliated with neither CBRE nor Plaintiffs, who will review each claim and determine how much money each claimant is entitled to receive, if any.

→ You can decide to submit a claim in *one* of the three following tiers:
  - Tier 1 (awards of $0 or $1,500) requires you to submit a short claim form about the sexual harassment you experienced. If you submit a form under this Tier, your identity will be kept completely confidential from CBRE.
  - Tier 2 (award range of $0 to $15,000) requires you to submit a more comprehensive claim form with more specific information about the sexual harassment you experienced. If you submit a form under this Tier, CBRE will have an opportunity to respond in writing.
  - Tier 3 (award range of $0 to $150,000) requires the same type of claim form and response from CBRE as in Tier 2, but also requires you to appear in person before the Special Master to offer evidence through witnesses and testimony. CBRE will also be allowed to present evidence supporting its position.

*Your Legal Rights Are Affected Even if You Do not Act.*
*Read this Notice Carefully.*

## What This Notice Contains:

BASIC INFORMATION ........................................................................................................1

1. WHY DID I GET THIS NOTICE? .............................................................1
2. WHAT IS THE LAWSUIT ABOUT? ..........................................................1
3. WHY IS THIS A CLASS ACTION SETTLEMENT? .....................................1
4. HOW DO I KNOW IF I AM INCLUDED IN THE PROPOSED SETTLEMENT? ...................2
5. CAN CBRE RETALIATE AGAINST ME FOR PARTICIPATING IN THIS SETTLEMENT? ..................................................................................2

BENEFITS OF THE PROPOSED SETTLEMENT – WHAT YOU MAY GET ..................................3

6. WHAT DOES THE PROPOSED SETTLEMENT PROVIDE? ...............................3
7. WHAT ARE THE BASIC DIFFERENCES BETWEEN THE THREE TIERS? ..........................3
8. WILL THE SPECIAL MASTER CONSIDER ANY EVIDENCE ASIDE FROM THE INFORMATION INCLUDED IN THE CLAIMS PROCESS? ...............................4
9. HOW DO I DECIDE WHICH TIER I SHOULD FILE MY CLAIM UNDER? ........................4
10. HOW DO I FILE A CLAIM? ...................................................................4

SUMMARY OF THE EQUITABLE AND CHARITABLE ASPECTS OF THE SETTLEMENT ..........................5

11. WHAT IS EQUITABLE RELIEF AND WHAT WILL CBRE HAVE TO DO? ....................5
12. WHO WILL GET THE $400,000 CHARITABLE CONTRIBUTION? ..............................5

YOUR OPTIONS AS A CLASS MEMBER ...............................................................................5

13. WHAT ARE MY OPTIONS AS A CLASS MEMBER? ....................................5
14. HOW DO I REMAIN A CLASS MEMBER, AND WHAT DOES THAT MEAN? ...................5
15. CAN I OBJECT TO, OR COMMENT ON, THE PROPOSED SETTLEMENT, AND, IF SO, HOW DO I OBJECT OR COMMENT? ...................................................5
16. CAN I REQUEST EXCLUSION ("OPT-OUT") OF THE SETTLEMENT AND, IF SO, HOW DO I OPT-OUT? ..................................................................6

THE LAWYERS REPRESENTING YOU .................................................................................7

17. DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE? ....................7
18. HOW ARE CLASS COUNSEL BEING PAID? ...............................................7
19. ARE THE NAMED PLAINTIFFS RECEIVING ANYTHING FOR THE TIME AND EFFORT THEY CONTRIBUTED TO THE LAWSUIT? ......................................8
20. WHAT ELSE DOES CBRE HAVE TO PAY? ..............................................8
21. SHOULD I GET MY OWN LAWYER? ......................................................8

THE COURT'S FINAL APPROVAL HEARING AND THE FUTURE OF THE LAWSUIT ...............................8

22.    WHEN AND WHERE WILL THE COURT DECIDE ON WHETHER TO GRANT
       FINAL APPROVAL OF THE PROPOSED SETTLEMENT?...................................8
23.    DO I HAVE TO ATTEND THE FINAL APPROVAL HEARING, AND IF SO, MAY I
       SPEAK?.............................................................................................................8
24.    IF THE COURT APPROVES THE SETTLEMENT, WILL THAT END THE
       LAWSUIT?........................................................................................................9
25.    WHAT HAPPENS IF THE COURT DECIDES NOT TO GRANT FINAL APPROVAL
       OF THE PROPOSED SETTLEMENT?...................................................................9
26.    WHERE DO I OBTAIN MORE INFORMATION / WHO CAN ANSWER MY
       QUESTION(S)?...................................................................................................9
27.    HOW ARE THE PARTIES HANDLING PUBLICITY REGARDING THE LAWSUIT OR
       THE SETTLEMENT?.........................................................................................10
28.    WHAT ARE THE DEADLINES I NEED TO KNOW ABOUT?.......................................10

<u>BASIC INFORMATION</u>

**1.     WHY DID I GET THIS NOTICE?**

You were mailed this notice because, according to CBRE's records, you are a female that has been employed at one of CBRE's offices in the United States between January 1, 1999 to October 4, 2007.

The purpose of this Notice is to inform you, as a potential Class Member, of (a) the existence of The Lawsuit; (b) a proposed Class Action Settlement of The Lawsuit, described below; and (c) your rights with respect to the proposed settlement.  Those rights include the right to be excluded from the Class and the settlement.  If you are a Class Member and do not request to be excluded in compliance with the procedures and deadline set forth below, you will remain in the Class and be bound by the terms of the settlement.

**2.     WHAT IS THE LAWSUIT ABOUT?**

The five Named Plaintiffs, all former CBRE employees, filed this lawsuit on September 25, 2002 on behalf of a class of female employees, alleging that CBRE subjected them to sexual harassment in violation of Title VII.

Throughout this Lawsuit CBRE has denied, and continues to deny any wrongdoing or liability on its part, and denies specifically that it subjected female employees to sexual harassment or condoned or tolerated any such conduct.

Class Counsel have investigated and evaluated the claims asserted in The Lawsuit and have determined that the proposed settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the settlement and the disadvantages of continuing The Lawsuit. The proposed settlement is a compromise of disputed claims and does not mean that CBRE has any liability or admitted any wrongdoing alleged in The Lawsuit.

**3.     WHY IS THIS A CLASS ACTION SETTLEMENT?**

Plaintiffs filed their lawsuit as a class action, which is a lawsuit where one or more people called "class representatives" sue on behalf of people who have similar claims.  The people together are a "class" or "class members."   A court must determine if it will allow a lawsuit to proceed as a class action.

In 2004, the Named Plaintiffs in this case filed a motion for class certification seeking to certify a class of female employees who were allegedly sexually harassed during their employment with CBRE.   The Court did not rule on that motion.  However, as part of the Settlement, the Parties asked the Court to certify a Settlement Class solely for purposes of the settlement.  The Court agreed, and certified a class only for purposes of this settlement.

### 4. HOW DO I KNOW IF I AM INCLUDED IN THE PROPOSED SETTLEMENT?

You are a member of the Settlement Class if you fall into this definition and do not request exclusion from the class:

> All female employees who were or have been employed by CBRE at any time during the period January 1, 1999 to October 4, 2007 (the "Class").

If you are a member of the Settlement Class, you may be entitled to recover money if you were sexually harassed at CBRE during the period January 1, 1999 to the October 4, 2007.

However, you are not entitled to recover any money out of this settlement if (1) you previously released all claims (including sexual harassment claims) against CBRE for the period January 1, 1999 to October 4, 2007, or (2) you were sexually harassed at a company or any of its subsidiaries that was acquired by CBRE for the time period prior to the acquisition. Such predecessor companies include but may not be limited to: Eberhart Co.; Boston Mortgage; Insignia Financial Group, LLC f/k/a Insignia Financial Group, Inc.; Trione & Gordon LLC; Welsh Ohio, LLC d/b/a Columbus Commercial Realty; CB Richard Ellis - Charlotte, LLC; Advocate Consulting Group, Inc.; Project Advantage Group, Ltd.; The Polacheck Company, Inc.; Management Co. and PAC, Inc.; CB Richard Ellis Hawaii, Inc.; Marshall & Stevens Incorporated; Trammell Crow Company; Krombach II, LLC; Krombach III, LLC; CBRE Technical Services, LLC a/k/a Emcor. However, if you experienced sexual harassment at CBRE after the effective date of acquisition, you can recover for the sexual harassment you experienced at CBRE.

If you are unsure whether you are entitled to any money out of this settlement, you may submit a claim and should provide the Special Master with all relevant information, including, by way of example only, a copy of the signed release or the identity of the companies for which you worked, so that the Special Master can determine your eligibility.

You do not need to do anything to become part of the Settlement Class, **but you must complete one of the attached Claim Forms in order to be eligible to receive any money under the Proposed Settlement. If you *do not* want to part of the Settlement Class, you must complete a Request for Exclusion Form (which is found at the end of this packet of documents).**

### 5. CAN CBRE RETALIATE AGAINST ME FOR PARTICIPATING IN THIS SETTLEMENT?

**Absolutely not**. CBRE IS PROHIBITED FROM RETALIATING AGAINST YOU FOR PARTICIPATING IN OR RECEIVING ANY BENEFITS FROM THIS SETTLEMENT.

**BENEFITS OF THE PROPOSED SETTLEMENT – WHAT YOU MAY GET**

6.    **WHAT DOES THE PROPOSED SETTLEMENT PROVIDE?**

The Proposed Settlement has three parts: (1) a 3-tiered claim structure that provides for potential monetary payments to former and current employees who file claims that satisfy the applicable Claim Standards, as defined in Paragraphs 2.33, 2.34 and 2.35 of the Consent Decree, pursuant to the procedures for doing so; (2) changes to CBRE's policies and procedures for responding to and dealing with claims of sexual harassment; and (3) a $400,000 charitable contribution to provide annual scholarships over the next four years to junior and/or senior female undergraduate students concentrating their field of study in the real estate area in order to promote the entry and advancement of women in the real estate services industry.

The Tier Program will be administered by an independent and neutral expert called a "Special Master." As part of the settlement process, the Parties will agree on a Special Master and then the Court must approve him or her. The Special Master will be responsible for collecting, reviewing, and ultimately determining each female employee's claim and how much each person will receive, if anything, for her claim.

7.    **WHAT ARE THE BASIC DIFFERENCES BETWEEN THE THREE TIERS?**

The following chart provides an overview of the similarities and differences between the three Tiers. For detailed information on each Tier and its Claim Standards, see Exhibit B-1.

| TIER | Confidentiality | Summary of Claims Process | Money Available Under Each Tier |
|---|---|---|---|
| **Tier 1** | CBRE will not know that you have submitted a claim | You must submit a brief claim form called a Tier 1 Form including your name, employment dates, office of employment, and a summary of the harassment you believe you experienced. The Special Master will review the claim and make sure that it meets certain criteria, explained further in Exhibit B-1.<br><br>CBRE will have no opportunity to respond. If you meet the criteria, you will receive an automatic payment of $1,500. On the other hand, if the Special Master determines that you do not meet the Tier 1 Claim Standard, you will receive nothing. | $0 or $1,500<br><br>Any award received will be reported to the IRS by the Claims Administrator and a 1099 form will be issued. |
| **Tier 2** | CBRE will know that you have submitted a claim and will know the nature of your claim. | You must provide the details of the sexual harassment that you believe you experienced at CBRE, including the "who, what, where, why, and when."<br><br>CBRE will have a chance to review your claim and <u>respond in writing</u> to your allegations.<br><br>If the Special Master determines that you meet the Tier 2 Claim Standard, then he/she shall determine the appropriate amount of money to award, if any. | $0 - $15,000<br><br>Any award received will be reported to the IRS by the Claims Administrator and a 1099 form will be issued. |

| Tier 3 | CBRE will know that you have submitted a claim and will know the nature of your claim. | You must provide the details of the sexual harassment that you believe you experienced at CBRE, including the "who, what, where, why, and when."<br><br>CBRE will have a chance to review your claim and respond in writing to your allegations. You may then submit a written rebuttal to CBRE's written response.<br><br>The Special Master may conduct additional investigation if s/he chooses.<br><br>There will be a mandatory in-person hearing on your claim in Chicago, Illinois (with limited exceptions). Both you and CBRE may submit evidence and call witnesses. If the Special Master determines that you meet the Tier 3 Claim Standard, then he/she shall determine the appropriate amount of money to award, if any. | $0 - $150,000<br><br>Any award received will be reported to the IRS by the Claims Administrator and a 1099 form will be issued. |

### 8. WILL THE SPECIAL MASTER CONSIDER ANY EVIDENCE ASIDE FROM THE INFORMATION INCLUDED IN THE CLAIMS PROCESS?

Yes. Prior to reviewing any individual claims submitted under the tier process, the Special Master will review the class-wide materials and arguments submitted by Plaintiffs and CBRE in connection with briefing Plaintiffs' motion for class certification. In addition, the Special Master may, at his/her discretion, request that the attorneys for CBRE and for the Class give a live presentation about the Plaintiffs' claims and CBRE's defenses. *You would not be required to attend or otherwise participate in this presentation.*

### 9. HOW DO I DECIDE WHICH TIER I SHOULD FILE MY CLAIM UNDER?

That is a personal decision, one which you must make on your own based on your own experiences, whether you want CBRE to know about your claim, the extent to which you would like to participate in the claims process, whether CBRE will have the opportunity to respond to your claim, the level of scrutiny your claim will receive by the Special Master, and how much money you want to seek taking into account the ranges of possible monetary recovery and the caps on recovery in each tier.

You can only select one Tier. Once you select a Tier, you cannot change it.

### 10. HOW DO I FILE A CLAIM?

Attached to this Notice are Tier 1 and Tier 2/3 Claim Forms. If you want to be eligible to recover money under the Proposed Settlement, you *MUST FILL OUT the Claim Form* and submit it to the Claims Administrator*, postmarked by March 17, 2008,* and addressed to:

> **Wiginton, et al. v. CB Richard Ellis, Inc.**
> **Claims Administrator**
> **c/o Rust Consulting, Inc.**
> **P.O. Box 9388**
> **Minneapolis, MN 55440-9388**

### SUMMARY OF THE EQUITABLE AND CHARITABLE ASPECTS OF THE SETTLEMENT

**11.  WHAT IS EQUITABLE RELIEF AND WHAT WILL CBRE HAVE TO DO?**

Equitable relief is relief ordered by the Court that requires CBRE to change its conduct in the future.  It does not involve the payment of money.

Here, CBRE has agreed to, among other things, certain changes in its policies and procedures to ensure that effective mechanisms are in place to prevent unlawful sexual harassment in the future, to conduct additional training for its supervisors and employees on sexual harassment, to conduct effective investigations of sexual harassment complaints, to improve its documentation policies and procedures, and to implement appropriate disciplinary and/or remedial action with respect to violations of its harassment policy.

CBRE must report its compliance with these terms to the Special Master for two years following Final Approval of the Proposed Settlement.

**12.  WHO WILL GET THE $400,000 CHARITABLE CONTRIBUTION?**

If the Proposed Settlement is approved, CBRE will donate $400,000 to the Commercial Real Estate Women (CREW) Network, an industry advocate for the success of women in commercial real estate, for the creation of a Women Scholars' Program.  The purpose of the program is to provide annual scholarships over the next four years to junior and/or senior female undergraduate students concentrating their field of study in the real estate area in order to promote the entry and advancement of women in the real estate services industry.

### YOUR OPTIONS AS A CLASS MEMBER

**13.  WHAT ARE MY OPTIONS AS A CLASS MEMBER?**

You have three options as a Class Member: (1) you may remain a Class Member; (2) you may file an objection to or comments in support of the Proposed Settlement; or (3) you may request exclusion from the monetary part of the Settlement (which is known as "Opting-Out").

**14.  HOW DO I REMAIN A CLASS MEMBER, AND WHAT DOES THAT MEAN?**

To remain a Class Member and become a member of the Settlement Class, you need not do anything.  You must, however, submit a written claim form by the due date in order to be eligible to seek money from the Settlement.

Being a Settlement Class Member means that if the Settlement is approved by the Court and the judgment becomes final, you will be entitled to the benefits of the Settlement and, if you submit a claim form and the Special Master determines your entitlement to it, you may receive money. In exchange for those benefits, you and your heirs, executors, administrators, representatives, agents, partners, successors, and assigns will be bound by any release, judgment or other disposition of this Litigation.

**15.  CAN I OBJECT TO, OR COMMENT ON, THE PROPOSED SETTLEMENT, AND, IF SO, HOW DO I OBJECT OR COMMENT?**

Yes.  As a Class Member, you have the right to object to or comment in support of the proposed Settlement, the proposed award of attorneys' fees and expenses, or the proposed payment of

service awards to the Representative Plaintiffs, described in Paragraph 19 below. For more details on your rights if you file an objection or comments, see Paragraph 23 below.

To file an objection to or comments on the Proposed Settlement, you must submit a written statement setting forth: (1) your name, address, and telephone number; (2) the reference "*Wiginton v. CB Richard Ellis, Inc.,* No. 02 C 6832"; (3) your approximate dates and location of employment with CBRE and any other names under which you were employed at CBRE (if not the same as your present name); and (4) your objections, comments and any supporting arguments, to:

> Clerk of the Court
> United States District Court for the
> Northern District of Illinois
> 219 South Dearborn Street
> Chicago, Illinois 60604

You must also mail copies of your entire written submission to attorneys for the Class and CBRE's attorneys at the following addresses:

| *Lead Counsel for the Class* | *CBRE's counsel:* |
| --- | --- |
| Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>Amber M. Nesbitt<br>Wexler Toriseva Wallace LLP<br>55 West Monroe St., Suite 3300<br>Chicago, IL 60603<br><br>Elizabeth A. Fegan<br>Hagens Berman Sobol Shapiro LLP<br>820 North Blvd., Suite B<br>Oak Park, IL 60301 | Brenda H. Feis<br>Christopher J. DeGroff<br>Anne E. Duprey<br>Seyfarth Shaw LLP<br>131 South Dearborn St., Suite 2400<br>Chicago, IL 60603-5577 |

To be considered by the Court, your objections or supporting comments must be actually <u>received</u> by the Clerk of the Court, Attorneys for the Class, and CBRE's attorneys no later than January 2, 2008.

See Paragraphs 22-23 below for information on attending the Fairness Hearing to voice your objection to of comment on the Proposed Settlement.

### 16. CAN I REQUEST EXCLUSION ("OPT-OUT") OF THE SETTLEMENT AND, IF SO, HOW DO I OPT-OUT?

If you want to pursue your own case against CBRE for damages based on the conduct Plaintiffs have alleged in The Lawsuit, you have the right to request exclusion from the Class. If you request exclusion from the Class, you will not receive any money from the Settlement and may pursue your own claims for money damages. You may **not** opt-out of the equitable relief provisions of the settlement. **If you wish to be excluded from the money damages part of the Class for any reason,** you must complete a Request for Exclusion Form. These Forms are available from the Claims Administrator toll-free at **(888) 764-8860**, or by requesting one in writing

at the address below. You must submit your Request for Exclusion Form to the Claims Administrator, ***postmarked by January 2, 2008*** and addressed to:

> **Wiginton, et al. v. CB Richard Ellis, Inc.**
> **Claims Administrator**
> **c/o Rust Consulting, Inc.**
> **P.O. Box 9388**
> **Minneapolis, MN 55440-9388**

### THE LAWYERS REPRESENTING YOU

**17. DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE?**

Yes. The Court has appointed the following law firms to represent you and other Settlement Class Members:

| | |
|---|---|
| Elizabeth A. Fegan<br>Hagens Berman Sobol Shapiro LLP<br>820 North Blvd., Suite B<br>Oak Park, IL 60301 | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>Amber M Nesbitt<br>Wexler Toriseva Wallace LLP<br>55 West Monroe St., Suite 3300<br>Chicago, IL 60603 |
| Daniel Gustafson<br>Gustafson Gluek, PLLC<br>650 Northstar East<br>608 Second Avenue South<br>Minneapolis, MN 55402 | JoDee Favre<br>Favre Law Office, LLC<br>5005 W. Main Street<br>Belleville, IL 62226 |

These lawyers are called Class Counsel. You won't be charged personally for these lawyers, but they will ask the Court to award them a fee that CBRE has agreed to pay. More information is provided in Paragraph 18 below. However, these lawyers are not submitting your individual claim forms for you; you must take steps to submit your own claim form and may retain your own attorney to do so if you wish.

**18. HOW ARE CLASS COUNSEL BEING PAID?**

Since they filed this case in 2002, Class Counsel have not received any payment for their services in prosecuting the lawsuit, nor have they been reimbursed for any out-of-pocket expenses. If the Court approves the proposed settlement, Class Counsel will ask the Court to award them attorneys' fees and out-of-pocket expenses in the amount of $3,400,000. This sum is considerably less than the actual attorneys' fees and expenses actually incurred by these lawyers. Any award of attorneys' fees will be paid separately from and will not reduce the benefits provided to Settlement Class Members under the settlement. CBRE has agreed not to oppose an award that does not exceed $3,400,000.

***As a Class Member, you do not have to pay Class Counsel for the work that they performed on behalf of the Class.***

### 19. ARE THE NAMED PLAINTIFFS RECEIVING ANYTHING FOR THE TIME AND EFFORT THEY CONTRIBUTED TO THE LAWSUIT?

As part of the Settlement, and subject to the Court's final approval of the Settlement, the Parties have agreed that CBRE will pay service payments to each of the Class representatives for the extensive time and effort they contributed to the prosecution of The Lawsuit in the following amounts: Amy Wiginton $125,000; Kristine Moran $100,000; Andrea Scott f/k/a Andrea Corey $75,000; Norma Plank Fethler, as successor in interest to Dondi Plank $25,000; and Olivia Knapp $25,000.

### 20. WHAT ELSE DOES CBRE HAVE TO PAY?

CBRE has agreed to pay all costs of sending this notice to the Class, as well as the costs of administering the Settlement. CBRE has also agreed to pay Class Counsel certain amounts in the event certain fees are incurred for specified work performed after final approval of the Settlement, pursuant to Paragraph 14.2 of the Consent Decree.

### 21. SHOULD I GET MY OWN LAWYER?

You do not need to get your own lawyer, but you do have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement. CBRE will not be responsible for any attorneys' fees incurred by you, except as described in Paragraph 18 above.

### THE COURT'S FINAL APPROVAL HEARING AND THE FUTURE OF THE LAWSUIT

### 22. WHEN AND WHERE WILL THE COURT DECIDE ON WHETHER TO GRANT FINAL APPROVAL OF THE PROPOSED SETTLEMENT?

The Court will hold a Fairness Hearing on January 9, 2008, at 9:30 a.m., before the Honorable Wayne Andersen, United States District Court Judge, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn, Room 1403, Chicago, Illinois 60604, to determine: (1) whether the proposed settlement of The Lawsuit on the terms set forth in the Consent Decree is fair, reasonable, and adequate for the Class as a whole and should be granted final approval; (2) whether the certification of the Class for settlement purposes only should be made final; (3) whether the Court should enter the proposed judgment dismissing The Lawsuit with prejudice; (4) whether the Court should grant the application of Class Counsel for attorneys' fees and reimbursement of expenses and, if so, in what amount; and (5) whether the Court should grant the request for incentive awards to the Representative Plaintiffs and, if so, in what amount.

### 23. DO I HAVE TO ATTEND THE FINAL APPROVAL HEARING, AND IF SO, MAY I SPEAK?

You do not have to attend the Fairness Hearing, unless you filed an objection or comment to the Proposed Settlement. If you decide to attend, you must do so at your own expense.

*If you filed an objection to or comments on the Proposed Settlement* (see Paragraph 15 above), you must appear at the Fairness Hearing either in person or through your own counsel. Failure to attend shall be deemed a waiver of any comments and/or objections. You may ask to be heard by the Court on your objection or comments. The Court will not permit you to be heard unless you first submit your objections or comments in writing in compliance with Paragraph 15 above

and include in your comments a statement that you intend to appear and wish to be heard at the Fairness Hearing.

If you want your own lawyer to speak on your behalf at the Fairness Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance should use the following Civil Action Number: 02 CV 6832, and should include the name of the lawsuit, and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number and signature. Your "Notice of Appearance" **must** be mailed to and *actually received* by the Clerk of the Court at the address below no later than **January 2, 2008**:

> Clerk of the Court
> United States District Court for the
> Northern District of Illinois
> 219 South Dearborn Street
> Chicago, Illinois 60604

Class members who have timely requested exclusion ("opted out") from the Class may not participate at the Fairness Hearing.

### 24. IF THE COURT APPROVES THE SETTLEMENT, WILL THAT END THE LAWSUIT?

Yes. If the Court approves the proposed settlement, it will enter a judgment that will dismiss with prejudice the sexual harassment claims of Class Members, except those Class Members who request to be excluded from the settlement.

### 25. WHAT HAPPENS IF THE COURT DECIDES NOT TO GRANT FINAL APPROVAL OF THE PROPOSED SETTLEMENT?

If the Settlement is not granted final approval, or if the Settlement is granted final approval but the judgment does not become final, the certification of the Class will be vacated and The Lawsuit will proceed as though no proposed Settlement had been reached.

### 26. WHERE DO I OBTAIN MORE INFORMATION / WHO CAN ANSWER MY QUESTION(S)?

Any questions you may have about the matters described in this Notice should be directed in writing to any of the Class Counsel listed in Paragraph 17 above or to the Settlement Administrator, Rust Consulting, at **(888) 764-8860** or at the following address:

> **Wiginton, et al. v. CB Richard Ellis, Inc.**
> **Claims Administrator**
> **c/o Rust Consulting, Inc.**
> **P.O. Box 9388**
> **Minneapolis, MN 55440-9388**

You may also send questions by e-mail to Class Counsel at CBRESettlement@wtwlaw.com. Further, the documents referenced in this Notice are available at www.cbrichardellislawsuit.com.

Copies of the Settlement Agreement and the pleadings and other documents filed in The Lawsuit are on file at the United States District Court for the Northern District of Illinois, and may be examined and copied during regular office hours at the Office of the Clerk of the Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604.

*Do not direct any questions to the Court.*

### 27. HOW ARE THE PARTIES HANDLING PUBLICITY REGARDING THE LAWSUIT OR THE SETTLEMENT?

The parties have agreed to a Joint Public Statement that will govern all communications with the media regarding The Lawsuit and the Settlement.

Furthermore, CBRE, Class Counsel, the Named Plaintiffs and their respective agents have agreed that all communications with the media and other non-parties to This Case regarding This Case shall be limited to the Public Statement. CBRE, Class Counsel, and the Named Plaintiffs and their respective agents have agreed that they will not engage in any unauthorized publicity regarding This Case and to refrain from making any disparaging remarks or comments about each other. You should refrain from engaging in any unauthorized publicity regarding This Case.

### 28. WHAT ARE THE DEADLINES I NEED TO KNOW ABOUT?

If you wish to **submit a claim**, the deadline for submitting a claim by U.S. mail is March 17, 2008. If you are submitting your Claim by U.S. mail, it must be postmarked by this date.

If you wish to be **excluded from the Class**, you must mail your Request for Exclusion, postmarked no later than January 2, 2008, to the Claims Administrator at the address listed in No. 16 above.

If you wish to submit **objections or supportive comments**, you must submit them in writing to the Clerk of the Court at the address listed in No. 23, with copies to both of Plaintiffs' Co-Lead Counsel and CBRE's counsel at the addresses listed in No. 17 above, such that they are received no later than January 2, 2008.

# EXHIBIT B-1

### SUMMARY OF THE PROCEDURES AND CLAIMS STANDARDS FOR EACH OF THE 3 TIERS

## Tier 1 (awards of $0 or $1,500) With Complete Confidentiality

If you elect Tier 1, you must complete the attached Form-T1 under penalty of perjury and submit it to the Claims Administrator post-marked by **March 17, 2008**. The Form-T1 provides the Special Master with basic information including your name, employment dates, office of employment, and a summary of the harassment you allegedly experienced. Under Tier 1, you do not have to specify the name of the harasser or provide specific dates for the incident(s) of when you were harassed.

The information you submit in the Form-T1 will be kept confidential by the Special Master, including from CBRE. As a Tier 1 Claimant, your name will not be shared with anyone at CBRE. Your Tier 1 Form, and the fact that you even filed such a form, will be kept strictly confidential by the Special Master. **CB Richard Ellis is prohibited from retaliating against you in any way for your participation in the Tier Program.**

Based on the statements you make in this form, the Special Master will evaluate your claim. If the Special Master determines that, based on the limited information you are required to submit per the Settlement, you meet the Tier 1 Claim Standard, s/he will award you $1,500.00 to compensate you for your claim. On the other hand, if the Special Master determines that you do not meet the Tier 1 Claim Standard, you will receive nothing.

**Please note that the award you receive will be reported to the Internal Revenue Service with a Form 1099 by the Claims Administrator**, but **CBRE will still not be made aware of your name.**

## Tier 2 (award range of $0-$15,000.00 with written exchange of positions)

If you elect Tier 2, you must complete the attached Form-T2/3 under penalty of perjury and submit it to the Claims Administrator post-marked by **March 17, 2008**. The Form-T2/3 provides the Special Master with information including your name and your harassment allegations, including a detailed description of the harassing conduct which you allegedly experienced, the identification of any individual who participated in the alleged harassment, the identification of any supervisors or managers who witnessed the alleged harassment, the time period when the alleged incidents occurred, whether the alleged conduct was welcome or unwelcome, a detailed description of how the alleged harassment affected you and what injuries you allege based on the alleged harassment, whether each alleged incident was reported (and if so, to whom, how, and when it was reported) and, if not reported, the reasons why not.

Thereafter, CBRE shall be entitled to submit a written response to the Special Master. The Special Master will review your claim solely based on the written submissions from the parties.

The actual amount that you receive, if any, is up to the discretion of the Special Master. If, based on the information provided by the parties, the Special Master determines that you meet the Tier 2 Claim Standard, s/he will award you an amount to compensate you for your claim, within a range of $0 to $15,000 per Claimant. On the other hand, if the Special Master determines that you do not meet the Tier 2 Claim Standard, you will receive nothing.

**CB Richard Ellis is prohibited from retaliating against you in any way for your participation in the Tier Program.**

**Please note that the award you receive will be reported by the Claims Administrator to the Internal Revenue Service with a Form 1099.**

| **Tier 3 (award range of $0-$150,000.00 with right to a hearing before the Special Master):** |
| --- |

If you elect Tier 3, you must complete a Form-T2/3 under penalty of perjury and submit it to the Claims Administrator post-marked by **March 17, 2008**. The Form-T2/3 provides the Special Master with information including your name and your harassment allegations, including a detailed description of the harassing conduct which you allegedly experienced, the identification of any individual who participated in the alleged harassment, the identification of any supervisors or managers, who witnessed the alleged harassment, whether the alleged conduct was welcome or unwelcome, a detailed description of how the alleged harassment affected you and what injuries you allege based on the alleged harassment, the approximate time period when the alleged incidents occurred, whether each incident was reported (and if so, to whom, how, and when it was reported) and, if not reported, the reasons why not.

Thereafter, CBRE shall be entitled to submit a written response to the Special Master. The Special Master will then provide you with a copy of CBRE's response, and you shall have 60 days to prepare any rebuttal to the issues raised in CBRE's position statement as well as identify any additional areas of investigation or witnesses for the Special Master. However, you are not required to submit a rebuttal.

The Special Master can conduct additional investigation if s/he chooses. Once the Special Master completes his/her investigation, s/he will schedule a live hearing on your claim in Chicago, Illinois. Each side may, at her or its option and subject only to the Special Master's discretion, identify one or more witnesses, including but not limited to CBRE employees, who may have personal knowledge of the facts or circumstances related to the Claim to testify at the hearing.

If you live more than 100 miles from Chicago, you may provide testimony by telephone, but CBRE has the right to request that you attend the hearing if it pays for your reasonable travel and lodging costs. Under very limited, extenuating circumstances as described in the Consent Decree, the Special Master may excuse your attendance.

The actual amount that you receive, if any, is up to the discretion of the Special Master. If, based on the information provided by the parties, the Special Master determines that you meet the Tier 3 Claim Standard, s/he can award you an amount to compensate you for your claim, within a range of $0 to $150,000 per Claimant. On the other hand, if the Special Master determines that you do not meet the Claim Standard, you will receive nothing.

**CB Richard Ellis is prohibited from retaliating against you in any way for your participation in the Tier Program.**

**Please note that the award you receive will be reported by the Claims Administrator to the Internal Revenue Service with a Form 1099.**

# EXHIBIT B-2

## T-1 CLAIM FORM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMY WIGINTON, KRISTINE MORAN, NORMA PLANK FETHLER, as Successor in Interest to Dondi Plank, ANDREA COREY and OLIVIA KNAPP, individually and on behalf of all persons similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 02 CV 6832 |
| v. | ) ) | |
| CB RICHARD ELLIS, INC., | ) ) | |
| Defendant. | ) | |

**CLAIM FORM FOR TIER 1 CLAIMS**
**FORM T-1**

**TO CLAIMANT: PLEASE BE ASSURED THAT THE INFORMATION YOU SUBMIT WITH THIS FORM T-1 WILL BE KEPT STRICTLY CONFIDENTIAL FROM CBRE.** It will **not** be shared with anyone at CB Richard Ellis. The information you provide will be viewed only by a neutral Special Master for the purposes of verifying that you are (or were) a CB Richard Ellis employee, that you worked at the facility you identify above and whether your claim is eligible for an award. **CB Richard Ellis is prohibited from retaliating against you in any way for your participation in the Tier Program.**

| Name: | Daytime Phone Number | Alternate Phone Number |
|---|---|---|
| **Mailing Address** | | **E-mail address (if this is a convenient way to reach you):** |
| **If you are represented by an attorney, the name and contact information for your attorney:** | | |

| If you have used any other name during or since your employment at CBRE (i.e. maiden or married name), please provide that here: | Social Security Number: |
|---|---|
| | |

CB Richard Ellis location where you currently work and/or any CB Richard Ellis location where you worked between January 1, 1999-October 4, 2007. Specify the approximate dates you were employed at each location.

Location                              From (mm/dd/yyyy)      To (mm/dd/yyyy)

_____

_____

**[PLEASE USE ADDITIONAL SHEETS OF PAPER AS NECESSARY]**

## READ THE INSTRUCTIONS FOR THIS FORM CAREFULLY

**FIRST**: Complete the identification section above.

**SECOND**: Describe in detail the alleged harassment you experienced, how the harassment affected you, and any complaints you made to CBRE about the harassment. **BE AS SPECIFIC AS POSSIBLE IN YOUR ANSWERS.** Please use additional sheets of paper as necessary. Note that the harassment you claim to have experienced must have taken place while you were working at CB Richard Ellis.

You are not entitled to recover any money if: (1) you previously released all claims (including sexual harassment claims) against CBRE for the period January 1, 1999 to October 4, 2007, or (2) you were sexually harassed at a company or any of its subsidiaries that was acquired by CBRE for the time period prior to the effective date of acquisition. Such predecessor companies include but may not be limited to: Eberhart Co.; Boston Mortgage; Insignia Financial Group, LLC f/k/a Insignia Financial Group, Inc.; Trione & Gordon LLC; Welsh Ohio, LLC d/b/a Columbus Commercial Realty; CB Richard Ellis - Charlotte, LLC; Advocate Consulting Group, Inc.; Project Advantage Group, Ltd.; The Polacheck Company, Inc.; Management Co. and PAC, Inc.; CB Richard Ellis Hawaii, Inc.; Marshall & Stevens Incorporated; Trammell Crow Company; Krombach II, LLC; Krombach III, LLC; CBRE Technical Services, LLC a/k/a Emcor. However, if you experienced sexual harassment at CBRE after the effective date of acquisition, you can recover for the sexual harassment you experienced at CBRE.

If you are unsure whether you are entitled to any money out of this settlement, you may submit a claim and should provide the Special Master with all relevant information, including, by way of example only, a copy of the signed release or the identity of the companies for which you worked, so that the Special Master can determine your eligibility.

**Describe the alleged harassment.**

- **You must provide approximate dates / time periods during which the alleged harassment took place; these do not have to be specific, just your best guess.**

- **You do not have to specify the name of your harasser, however you may if you chose to do so.**

**Indicate whether the alleged harassment affected your ability to do your job and/or whether it affected you personally.  If so, describe how.**

**Identify any complaints you made about the alleged harassment.**

**For each incident of alleged harassment identified above, state whether you made a complaint to a supervisor, CBRE management or human resources. If so, identify when you made the report(s), to whom, how you made the complaint (for example, in person, in writing, via e-mail), and the result(s). If you did not complain, please detail the reasons why you did not.**

**THIRD:** Sign and date the form.

*I declare, under penalty of perjury, that the foregoing statements are true and correct to the best of my personal knowledge and belief.*

4

*I further certify that, to the best of my personal knowledge and belief, I have not previously released all claims (including sexual harassment claims) against CBRE for the period January 1, 1999 to October 4, 2007.*

_____          _____
Date                                      Signature

**FOURTH:**   Mail your claim form to Wiginton, et al. v. CB Richard Ellis, Inc., Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 9388, Minneapolis, MN 55440-9388.  **Your mailing must be post-marked no later than <u>March 17, 2008</u> to be valid for consideration.**  It is recommended that you send your claim form by certified or registered mail so that you have proof of delivery.

# EXHIBIT B-3

## T-2/3 CLAIM FORM

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMY WIGINTON, KRISTINE MORAN, NORMA PLANK FETHLER, as Successor in Interest to Dondi Plank, ANDREA COREY and OLIVIA KNAPP, individually and on behalf of all persons similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 02 CV 6832 |
| v. | ) ) | |
| CB RICHARD ELLIS, INC., | ) ) | |
| Defendant. | ) | |

**CLAIM FORM FOR TIER 2 and TIER 3 CLAIMS
FORM T-2/3**

**TO CLAIMANT: PLEASE BE ASSURED THAT CB RICHARD ELLIS IS
PROHIBITED FROM RETALIATING AGAINST YOU IN ANY WAY FOR YOUR
PARTICIPATION IN THE TIER PROGRAM.**

| Name: | Daytime Phone Number | Alternate Phone Number |
|---|---|---|
| **Mailing Address** | | **E-mail address (if this is a convenient way to reach you):** |
| **If you are represented by an attorney, the name and contact information for your attorney:** | | |
| **If you have used any other name during or since your employment at CBRE (i.e. maiden or married name), please provide that here:** | **Social Security Number:** | |

CB Richard Ellis location where you currently work and/or any CB Richard Ellis location where you worked between January 1, 1999-October 4, 2007. Specify the dates you were employed at each location.

Location           Position Held        From (mm/dd/yyyy)    To (mm/dd/yyyy)

<br>

<br>

[PLEASE USE ADDITIONAL SHEETS OF PAPER AS NECESSARY]

## READ THE INSTRUCTIONS FOR THIS FORM CAREFULLY

**FIRST:** Complete the identification section above.

**SECOND:** Decide whether you wish to participate in Tier 2 or Tier 3 (if you wish to participate in Tier 1, do not complete this form. You must complete Form T-1).

Tier 2 will be decided on the written submissions of the parties. If the Special Master determines that you meet the Tier 2 Claim Standard, then he/she can award you money in an amount ranging from $0 to $15,000.00. If the Special Master determines that you do not meet the Tier 2 Claim Standard, then you will not receive any money.

Tier 3 requires an in-person hearing in Chicago, IL (except under very limited, extenuating circumstances), and you have the option of filing a rebuttal to CBRE's response and position statement. If the Special Master determines that you meet the Tier 3 Claim Standard, then he/she can award you money in an amount ranging from $0 to $150,000.00. If the Special Master determines that you do not meet the Tier 3 Claim Standard, then you will not receive any money. For additional information on the differences between Tiers 2 and 3, refer back to Paragraph 7 of the Notice of Pendency and Approval of Class Action Settlement or the Consent Decree.

**Select only one of the following two options:**

☐    I want to participate in **Tier 2**

**- OR -**

☐    I want to participate in **Tier 3**

**THIRD:** Describe in detail the alleged harassment you experienced, how the harassment affected you, and any complaints you made to CBRE about the harassment. **BE AS SPECIFIC AS POSSIBLE IN YOUR ANSWERS.** Please use additional sheets of paper as necessary.

Note that the harassment you claim to have experienced must have taken place while you were working at CB Richard Ellis. You are not entitled to recover any money if (1) you previously released all claims (including sexual harassment claims) against CBRE for the period January 1, 1999 to October 4, 2007, or (2) you were sexually harassed at a company or any of its subsidiaries that was acquired by CBRE for the time period prior to the effective date of acquisition. Such predecessor companies include but may not be limited to: Eberhart Co.; Boston Mortgage; Insignia Financial Group, LLC f/k/a Insignia Financial Group, Inc.; Trione & Gordon LLC; Welsh Ohio, LLC d/b/a Columbus Commercial Realty; CB Richard Ellis - Charlotte, LLC; Advocate Consulting Group, Inc.; Project Advantage Group, Ltd.; The Polacheck Company, Inc.; Management Co. and PAC, Inc.; CB Richard Ellis Hawaii, Inc.; Marshall & Stevens Incorporated; Trammell Crow Company; Krombach II, LLC; Krombach III, LLC; CBRE Technical Services, LLC a/k/a Emcor. However, if you experienced sexual harassment at CBRE after the effective date of acquisition, you can recover for the sexual harassment you experienced at CBRE.

If you are unsure whether you are entitled to any money out of this settlement, you may submit a claim and should provide the Special Master with all relevant information, including, by way of example only, a copy of the signed release or the identity of the companies for which you worked, so that the Special Master can determine your eligibility.

---

**Describe the alleged harassment.**

Describe in detail the alleged harassment you experienced or observed, including each incident of harassment and type of harassment that you recall experiencing or observing. You should specify, to the best of your recollection each of the following:

- a detailed description of the sexually harassing conduct or incident(s),

- the identity of those who participated in the harassment,

- the identity of any supervisors or managers who witnessed the alleged harassment (even if they did not directly participate in it),

- the location(s) of the harassment;

- the approximate date(s) of the harassment.

---

3

**State whether the alleged harassment was welcome or unwelcome and detail the reasons why.**

**Indicate whether the alleged harassment affected your ability to do your job and/or whether it affected you personally. If the harassment affected your ability to do your job or you personally, describe how.**

**Identify any complaints you made about the alleged harassment.**

**For each incident of alleged harassment identified above, state whether you made a complaint to a supervisor, CBRE management or human resources. If so, identify when you made the report(s), to whom, how you made the complaint (for example, in person, in writing, via e-mail), and the result(s). If you did not complain, please detail the reasons why you did not.**

**FOR TIER 3 CLAIMANTS ONLY: You may also, but do not have to, submit pre-existing documents that support the basis for your Claim with this Form.**

**Please list below any documents you are submitting with this Claim Form that support your claim. You may only submit pre-existing documents, which are defined as documents that were not created for purposes of submitting your Tier 3 Claim, including, by way of example only, inappropriate e-mails circulated in the workplace, photographs of inappropriate conduct in the office, etc.**

*Note:* The Special Master who evaluates your claim has the discretion to follow up with you for additional information regarding any vague or speculative statements that you make, but also may take the lack of specificity into account when making the final determination. Thus, you should be as specific as possible when submitting your initial claim. If you need additional room, you may attach additional separate pages.

**FOURTH:** Sign and date the form.

*I declare, under penalty of perjury, that the foregoing statements are true and correct to the best of my personal knowledge and belief.*

*I further certify that, to the best of my personal knowledge and belief, I have not previously released all claims (including sexual harassment claims) against CBRE for the period January 1, 1999 to October 4, 2007.*

_____          _____
Date                                                          Signature


**FIFTH**: Mail your claim form to Wiginton, et al. v. CB Richard Ellis, Inc., Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 9388, Minneapolis, MN 55440-9388.  **Your mailing must be post-marked no later than <u>March 17, 2008</u> to be valid for consideration.**  It is recommended that you send your claim form by certified or registered mail so that you have proof of delivery.