**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMY WIGINTON, KRISTINE MORAN, NORMA PLANK FETHLER, AS SUCCESSOR IN INTEREST TO DONDI PLANK, ANDREA COREY, and OLIVIA KNAPP, individually and on behalf of all persons similarly situated, | ) ) ) ) ) ) ) | Case No.: 02 CV 6832 Judge Andersen Magistrate Judge Ashman |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CB RICHARD ELLIS, INC., | ) ) | |
| Defendant. | ) | |

**CLASS COUNSEL'S PETITION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARDS TO NAMED PLAINTIFFS**

Counsel for Plaintiffs, Hagens Berman Sobol Shapiro LLP, Wexler Toriseva Wallace LLP, Gustafson Gluek PLLC and Favre Law Office LLC (collectively referred to as "Class Counsel"), respectively petition this Court for an award of attorneys' fees and out-of-pocket expenses in the cumulative amount of $3,400,000 plus interest and incentive awards to each named plaintiff in the cumulative amount of $350,000. This petition is submitted in connection with the proposed settlement of this action, presently set for a hearing on final approval on January 9, 2008. For the reasons set forth below and as more fully explained in the accompanying memorandum, Class Counsel requests that this petition be granted:

1.     Pursuant to Title VII, this Court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k).

2.      First, Plaintiffs are the prevailing party for purposes of an award of fees and costs. "A plaintiff 'prevails' when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). Here, as more fully set forth in the memorandum, Plaintiffs achieved broad monetary and equitable relief on behalf of the Settlement Class as part of the Settlement Agreement.[1]

3.      Second, the requested fee is appropriate and reasonable. In determining whether a requested fee is appropriate and reasonable in connection with the fee shifting provisions of Title VII, "[a]ttorneys' fees are assigned a 'lodestar' amount, [a figure which is] calculated by multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate." *Pawell*, 2005 U.S. Dist. LEXIS 16472 at *7 (quoting *Mathur v. Board of Tr. of Southern Illinois Univ*., 317 F.3d 738, 742 (7th Cir. 2003) (alteration in original)).

4.      Here, the negotiated fee is significantly *less* than the lodestar amount. Under the terms of the Settlement Agreement, CBRE has agreed not to object to and will directly pay Class Counsel an amount not to exceed $3,400,000 (plus interest) to cover all attorneys' fees and costs through final approval of the Settlement. *See* Settlement Agreement ¶ 14.1. This amount is just 72 percent of Plaintiffs' actual lodestar and expenses, which is in fact $4,124,724.50 in attorneys' fees and $549,705.50 in out-of-pocket expenses. *See* Declarations of Class Counsel, Exs. A-D to the memorandum. Thus, the attorneys' fee and expenses requested by counsel are reasonable and appropriate in light of the hard-work and effort in litigating this matter to a favorable settlement.

---

[1] The Parties filed their Settlement Agreement with the Court on October 4, 2007 in conjunction with their motion for preliminary approval. [Docket No. 316-317]. On October 24, 2007, the Parties moved for entry of a corrected preliminary approval order, attaching a Corrected Settlement Agreement reflecting administrative changes. [Docket No. 321]. All references to the Settlement Agreement herein are to the Corrected Settlement Agreement.

5.      Incentive awards to the named class representatives are likewise reasonable, necessary and appropriate.  "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (citations omitted).  "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation."  *Cook*, 142 F.3d at 1016 (citing *Spicer v. Chicago Bd. Options Exchange, Inc*., 844 F. Supp. 1226, 1267 (N.D. Ill. 1993)).

6.      Here, as fully set forth in the memorandum, the named plaintiffs meet all the factors identified by the Seventh Circuit in deciding whether incentive awards are appropriate, including a significant investment of time and effort to protect the interests of the Class.  The results achieved by the Settlement would have been impossible without the participation of the named plaintiffs.

7.      As a result of their respectively substantial and significant efforts, the Court's approval of incentive awards to each named plaintiff in the following amounts is reasonable, necessary and appropriate: Amy Wiginton $125,000; Kristine Moran $100,000; Andrea Corey $75,000; Norma Plank Fethler $25,000; and Olivia Knapp $25,000.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum, Class Counsel respectfully request that this Court approve their request for reimbursement of attorneys' fees and expenses in the amount of $3,400,000 (plus any interest that may accrue between the time of Defendant's deposit of the money into escrow and the Effective Date) as fair

and reasonable, grant incentive awards to the named plaintiffs totaling $350,000, and grant such other and further relief as this Court deems appropriate.

Dated: January 4, 2008                                    Respectfully submitted,

                                           /s/ Elizabeth A. Fegan_____
                                           Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, IL 60302
Phone: (708) 776-5600
Fax: (708) 776-5601
E-mail: beth@hbsslaw.com

Steve W. Berman
Nick Styant-Browne
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Phone: (206) 623-7292
E-mail: steve@hbsslaw.com
E-mail: nick@hbsslaw.com

Kenneth A. Wexler
Jennifer Fountain Connolly
Amber M. Nesbitt
WEXLER TORISEVA WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Phone: (312) 346-2222

JoDee Favre
FAVRE LAW OFFICE LLC
5005 W. Main Street
Belleville, IL 62226
Phone: (618) 257-8605

Daniel E. Gustafson
Karla M. Gluek
Renae Steiner
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue S.

Minneapolis, MN 55402
Phone: (612) 333-8844

*Attorneys for Named Plaintiffs and the*
*Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth A. Fegan, hereby certify that a copy of ***Class Counsel's Petition for An Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to Named Plaintiffs*** electronically filed on January 4, 2008. Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System.

/s/ Elizabeth A. Fegan_____
Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, IL 60302
Phone: (708) 776-5600
Fax: (708) 776-5601
E-mail: beth@hbsslaw.com

001648-11  216044 V1