IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY WIGINTON, KRISTINE MORAN, ANDREA COREY, OLIVIA KNAPP AND NORMA PLANK FETHLER, as successor in interest to DONDI PLANK, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CB RICHARD ELLIS,<br><br>Defendant. | Case No. 02 C 6832<br><br>Judge Andersen<br><br>Magistrate Judge Ashman |

**DEFENDANT'S MOTION TO CORRECT THE RECORD
AS ASSERTED IN PLEADINGS FILED BY PLAINTIFFS IN CONNECTION
WITH FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

Defendant, CB RICHARD ELLIS (hereinafter "Defendant"), respectfully moves this Court to correct the record contained in Plaintiffs' Memorandum of Law in Support of their Motion For Final Approval of Settlement, the Declaration of Kenneth A. Wexler in Support of Plaintiff's Memorandum of Law in Support of their Motion For Final Approval of Settlement, and the Memorandum of Law in Support of Class Counsel's Petition for an Award of Attorneys' Fees, Reimbursements of Expenses and Incentive Awards to Named Plaintiffs. In support of its Motion, Defendant states:

1. The above-referenced pleadings contain inaccuracies, misrepresentations, and unfair characterizations which are prejudicial to Defendant. These misstatements are summarized below:

CH1 11389552.2

## Memorandum of Law in Support of their Motion For Final Approval of Settlement

This brief contains multiple inaccuracies. First, on page 8, Plaintiffs state that they defeated Defendant's motion to dismiss. This statement is incorrect. To the contrary, the Court *granted* Defendant's motion to dismiss in May 2003. Accordingly, Defendant proposes that this reference be amended as follows:

> Plaintiffs not only ~~defeated~~ *litigated* Defendant's motion to dismiss, but the Parties fought multiple discovery-related motions, including motions concerning electronic discovery.

Second, page 9 states that the Court ordered Defendant to withdraw its motion for summary judgment on September 23, 2004 (citing Declaration of Ken Wexler). Standing alone as it does, this statement implies incorrectly that Defendant's summary judgment was somehow defective or inadequate. To clarify, Defendant requests that this sentence be qualified to explain the rationale for the Court's order, namely so that the class certification issues could be resolved first. Accordingly, Defendant proposes that the sentence, and the corresponding reference in Paragraph 2 of the Wexler Declaration, be amended as follows:

> "The Parties have engaged in extensive litigation . . . including a summary judgment motion filed by CBRE that the Court ultimately ordered it to withdraw without prejudice on September 23, 2004, *pending resolution of the class certification issues*."

Third, on page 22, Plaintiffs assert that the "Success of Notice Plan is Demonstrated by the Number of Claims Received to Date." Plaintiffs then go on to state that "numerous claim forms have already been filed" and that there has already been "such a significant response" to the notice. This entire section, A.2, should be deleted from the pleading because it unfairly mischaracterizes and grossly overstates the number of claims filed to date. *See* Defendant's Motion Requesting That Plaintiff's be Required to File Amended Pleadings Conforming to the Form of the Exhibits Attached Hereto, Exhibit B. Such inflation is directly contrary to the parties' commitment not to discuss the status of the settlement beyond the parameters of the

consent decree and is intended solely to create a misleading impression in the public record that the settlement payout may be larger than it actually is. Such "publicity" exceeds the benefit of the bargain struck with CBRE.

Furthermore, any speculation or characterization of the claims rate to date is inconsistent with the Declaration of the claims administrator submitted by class counsel. Specifically, the parties all agreed to delete any reference in that declaration to the claims rate as it is still unknown, and at any rate, cannot fairly be characterized as high at this point. The deadline to submit claims is March 15, 2008, and, until that time, the parties will not know the number of claims filed.[1] Besides, the current claims rate, incomplete as it is, is not a necessary component to arguing that the notice plan was fair. The rest of Plaintiffs' brief more than adequately makes this argument.

**Memorandum of Law in Support of Class Counsel's Petition for an Award of Attorneys' Fees, Reimbursements of Expenses and Incentive Awards to Named Plaintiffs**

In section II(A)(1)(b) on page 22 and in the related reference in the table of contents, Plaintiffs assert that the settlement was "Necessary to Address *Fundamental Problems with CBRE*." Pursuant to the settlement agreement, Defendant has not admitted any wrongdoing in this matter, and it is inappropriate for Plaintiffs to continue to refer to their allegations as facts. Plaintiffs' assertion is prejudicial to Defendant because it mischaracterizes Defendant's position and implies that there are and/or were "fundamental problems" with Defendant. As such, this assertion should be deleted from the pleadings. *See* Defendant's Motion Requesting That Plaintiff's be Required to File Amended Pleadings Conforming to the Form of the Exhibits Attached Hereto, Exhibit C.

---

[1] Consistent with the settlement, Defendant will not disclose the number of claims received to date, but it is fair to say that it is far from "numerous" or "significant," as Plaintiffs contend.

WHEREFORE, based on the foregoing, Defendant respectfully requests that the Court enter an order correcting the record as detailed above.

                Respectfully submitted,

                CB RICHARD ELLIS

                By: /s/ Brenda H. Feis
                    One of Its Attorneys

Brenda H. Feis
Christopher J. DeGroff
Anne E. Duprey
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000 telephone
(312) 460-7000 facsimile

January 9, 2008