IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY WIGINTON, KRISTINE MORAN, NORMA PLANK FETHLER as successor in interest to Dondi Plank, ANDREA COREY and OLIVIA KNAPP, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CB RICHARD ELLIS, INC.,<br><br>Defendant. | Case No.: 02 CV 6832<br><br>Judge Wayne R. Andersen<br>Magistrate Judge Martin C. Ashman |

**[PROPOSED] ORDER ENTERING FINAL JUDGMENT AS TO CLASS CLAIMS, GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND APPROVING IMPLEMENTATION OF THE TIER PROGRAM**

This Court having considered: (a) Corrected Settlement Agreement and Consent Decree and Exhibits filed with the Court on October 24, 2007 (collectively referred to as "the Decree," "the Consent Decree" or "Settlement Agreement"); (b) the proposed Tier Program, and having held a hearing on January 9, 2008, and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. This Final Order and Judgment incorporates herein and makes a part hereof, the Decree, including the Exhibits thereto. Unless otherwise provided herein, the terms defined in the Decree shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over all Class Representatives, Class Members and Defendant CBRE for purposes of this Settlement only, and has subject matter jurisdiction to approve and enforce the Agreement.

3. Based on the record before the Court, including all submissions in support of the Settlement set forth in the Decree, objections and responses thereto, as well as the Decree, the Court hereby certifies the following nationwide Class (the "Class") for settlement purposes only:

> All female employees who were or have been employed by CBRE at any time during the period from January 1, 1999 to October 4, 2007.

4. In so holding, the Court finds that the prerequisites of FED. R. CIV. P. 23(a), (b)(2), and (b)(3) have been satisfied for certification of the nationwide Class for settlement purposes only: the Class is sufficiently numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the members of the Class; the Class Representatives have fairly and adequately protected the interests of the Class with regard to the consolidated claims of the Class; Class Counsel fairly and adequately protected the interests of the Class through the provision of competent and diligent representation of the named plaintiffs and pursuit of the Class' claims; the equitable relief afforded by the Settlement Agreement is appropriate for class certification under Rule 23(b)(2); the common questions of law and fact predominate over questions affecting only individual Class Members, rendering the Class sufficiently cohesive to warrant a nationwide class settlement under Rule 23(b)(3); and settlement is a fair and efficient resolution of the Litigation. In making all of the foregoing findings, the Court has exercised its discretion in certifying the settlement Class.

5. The record shows that Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order of October 4, 2007 [Docket No. 316] and the Corrected Preliminary Approval Order of November 28, 2007 [Docket No. . The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the

2

terms of the Settlement, and Class Members' right to object to and appear at the settlement fairness hearing held on January 9, 2008 (the "Fairness Hearing") or exclude themselves from the Class, (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

6. No individuals, other than those listed on Exhibit A hereto, have excluded themselves from the Class. This Order shall have no force or effect on the persons listed on Exhibit A hereto.

7. The Court finds that extensive arm's-length negotiations have taken place in good faith between Lead Class Counsel and Defendant CBRE's Counsel resulting in the Settlement and Decree.

8. Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Settlement set forth in the Decree ("the Settlement") and finds that the Settlement, the Decree, and the Tier Program as set forth in Section IX of the Decree, are, in all respects, fair, reasonable and adequate, and in the best interest of the Class.

9. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Decree.

10. The Released Claims (as defined in Paragraph 2.27 of the Decree) against CBRE on behalf of the Class are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

11. Upon the Effective Date of the Agreement, the Settlement Class shall release and forever discharge CBRE (as defined in Paragraph 2.3 of the Decree) from the Released Claims (as defined in Paragraph 2.27 of the Decree).

12. Nothing in this Final Order and Judgment, the Settlement, or the Decree is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by CBRE.

13. The Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Decree and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, including but not limited to those rights and duties described in Paragraph 2.19 of the Consent Decree, and for any other necessary purpose. Defendant CBRE, Class Representatives and each member of the Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Decree or the applicability of the Decree, and only for such purposes. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

14. In the event that the Settlement does not become effective according to the terms of the Decree, this Order and Final Judgment shall be rendered null and void as provided by the Decree, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Decree.

15. No Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elected to be excluded from the Class), shall commence, continue or prosecute against CBRE any action or proceeding in any court or

tribunal asserting any of the Released Claims defined in the Decree, and are hereby permanently enjoined from so proceeding.

16. The Consent Decree and this Order shall remain in effect for a period of two (2) years from the Effective Date of the Decree.

17. The Court finds that Deborah Gage Haude, Esq. is qualified to act as Special Master, charged with adjudicating the Tier program and carrying out all other duties outlined in the Settlement Agreement. Deborah Haude is hereby appointed as the Special Master.

18. All claims in Count I of this action except for Olivia Knapp's individual retaliation claims shall be dismissed with prejudice, and without costs to the Parties, except as otherwise expressly provided for in the Consent Decree, including, but not limited to, this Court's retention of jurisdiction to administer, effectuate, and enforce the provisions of the Consent Decree. The individual claims of Kristine Moran for violations of the Pregnancy Discrimination Act and Olivia Knapp for retaliation expressly survive this Order.

SO ORDERED, ADJUDGED AND DECREED, this 9th day of January, 2008.

Wayne R. Andersen
United States District Judge

5